Richard Paul DENISON,
Plaintiff–Appellee,

v.

SWACO GEOLOGRAPH COMPANY,
Defendant–Appellant.

No. 90–6021.

United States Court of Appeals,
Tenth Circuit.

Aug. 16, 1991.

John Michael Johnston (David Morse and Jay D. Adkisson with him on the brief), of Claro & Johnston, Oklahoma City, Okl., for plaintiff-appellee.

Howard Janco, Dallas, Tex. (Ronald R. Hudson and J. William Archibald of Holloway Dobson Hudson & Bachman, Oklahoma City, Okl., Terry A. Hall, Tulsa, Okl., on the brief), for defendant-appellant.

Before BRORBY and EBEL, Circuit Judges, and KANE, Senior District Judge *.

KANE, Senior District Judge.

Swaco Geolograph Company appeals the district court's denial of its motion for judgment notwithstanding the verdict, new trial, or remittitur in an action under the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. §§ 621-634. The jury returned a verdict in favor of the plaintiff, Richard Denison, on his ADEA claim, awarding damages in the amount of $369,005.87. That amount was subsequently reduced to $285,338.24. On appeal, Swaco argues that its motion should have been granted because (1) Denison did not establish a prima facie case of discrimination under the ADEA, (2) he did not show that Swaco's reasons for terminating him were pretextual or that age was a determining factor in his termination, (3) the court erred in its evidentiary rulings, (4) the court did not enforce the pretrial order, (5) the court improperly submitted the issue of front pay to the jury, (6) in combination, the above rulings constituted reversible error. We affirm.

Denison was employed by Dresser Industries, Inc. ("Dresser") or one of its affiliates since 1958. He received several promotions through 1975, when he was named Area Manager of the Mid–Continent Division of the Swaco Division of Dresser. In the summer of 1987, Dresser and Geolograph Pioneer, Inc. ("Geolograph"), a competitor of Dresser, began discussions of a possible merger of certain operations. On September 1, 1987, the two companies formed a joint venture by combining the Swaco Division of Dresser with Geolograph. The new company was called the Swaco Geolograph Company ("Swaco"). Denison was transferred and became an employee of that company.

Shortly after Swaco was formed, corporate officials decided to eliminate redundant staff positions. Denison's equivalent at Geolograph was Frank Ludwell. On September 4, 1987, Denison was notified of his termination from Swaco, and Ludwell was retained to fill Denison's former position. At the time of the termination, Denison was 49 years old and Ludwell was 34 years old. Swaco officials testified that Ludwell was chosen over Denison solely on the basis of comparative sales figures between the equivalent pre-merger divisions of Swaco and Geolograph. It is undisputed that neither Denison nor Ludwell were involved in sales; both worked in the service departments of their respective divisions.

On October 11, 1988, Denison commenced the instant action, naming as defendants Dresser, Geolograph and Swaco and alleging violations of ERISA, breach of implied employment contract, fraudulent misrepresentation and age discrimination under the ADEA. All claims except the ADEA claim against Swaco were dismissed voluntarily or by the court before trial. After a two-day trial, the jury reached a verdict in favor of Denison, awarding him $18,588.65 in back pay, $18,588.65 in liquidated damages and $331,828.57 in future damages. The latter amount was subsequently reduced by the court to $248,160.94 to account for present value. Swaco then moved for judgment notwithstanding the verdict, new trial or remittitur. The court denied the motion, and Swaco now appeals.

---

* Honorable John L. Kane, Jr., Senior United States District Judge for the District of Colorado, sitting by designation.

In an appeal from the denial of a motion for judgment notwithstanding the verdict, we "must view the evidence and indulge all inferences in favor of the party opposing the motion and ' " 'cannot weigh the evidence, consider the credibility of witnesses or substitute [our] judgment for that of the jury.' " ' " *Lucas v. Dover Corp., Norris Div.*, 857 F.2d 1397, 1400 (10th Cir.1988) (citations omitted). Such motions should be sparingly granted and are proper "only when 'the evidence points but one way and is susceptible to no reasonable inferences which may sustain the position of the party against whom the motion is made.' " *Id.* (citation omitted). We now consider whether error as to the following matters required the trial court to grant Swaco's motion for judgment notwithstanding the verdict, remittitur or a new trial.

### I. *Prima Facie Case.*

■ Swaco's first argument in this appeal is that Denison failed to establish a prima facie case of discrimination because he did not offer direct evidence that his age was considered by those who terminated him and instead he relied substantially on circumstantial evidence to prove his case. As we noted in *Lucas v. Dover Corp., Norris Division*, the plaintiff in an ADEA case need not bring forth direct evidence of his employer's discriminatory intent to establish a prima facie case:

A party may attempt to "meet his burden directly, by presenting direct or circumstantial evidence that age was a determining factor in his discharge." Or, more typically, a party may rely on the proof scheme established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973) and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252–56, 101 S.Ct. 1089, 1093–35, 67 L.Ed.2d 207 (1981) and applicable to ADEA cases. Under that proof scheme, to set forth a prima facie case of age discrimination, a plaintiff must ordinarily prove that "(1) the affected employee was within the protected age group; (2) [he] was doing satisfactory work; (3) [he] was discharged de-

spite the adequacy of this work; and (4) a younger person replaced [him]." *Id.* at 1400 (citations omitted). The *McDonnell Douglas* proof scheme is necessary because in most discrimination cases, whether based on age or other factors, there is rarely direct evidence that the employer's motive was discriminatory. *See Summers v. Communication Channels, Inc.*, 729 F.Supp. 1234, 1237 (N.D.Ill.1990). Therefore, the plaintiff is permitted to use circumstantial evidence to show discrimination by establishing the above elements of a prima facie case. *Id.* Contrary to Swaco's suggestion, there was no requirement that Denison present direct evidence of discrimination to establish a prima facie case. *See Merrick v. Northern Natural Gas Co.*, 911 F.2d 426, 429 (10th Cir.1990) ("The plaintiff is not required to come forward with direct evidence of discriminatory intent. He is only required to show 'that the employer's proffered justification is unworthy of credence.' "); *Krause v. Dresser Indus., Inc.*, 910 F.2d 674, 677 (10th Cir.1990) (same).

■ Swaco also asserts that Denison did not make out a prima facie case because he did not present persuasive evidence that his job performance was satisfactory under the second element of *McDonnell Douglas* proof scheme. Swaco acknowledges that Denison offered evidence that he had received promotions and pay increases during his tenure, was given no warnings about unsatisfactory performance, and the divisions he worked for were generally profitable. Swaco contends, however, that "plaintiff's evidence was not as probative as he claims," because his last promotion was in 1975, he received a demotion in 1980 and had several lateral transfers with no increase in responsibilities.

Swaco's arguments go to the weight of the evidence of satisfactory performance, not Denison's initial burden to produce such evidence. Clearly, Denison met his burden of production by introducing some evidence of good performance. As the court observed in *Powell v. Syracuse University*, 580 F.2d 1150, 1155 (2d Cir.), *cert. denied*, 439 U.S. 984, 99 S.Ct. 576, 58 L.Ed.2d 656 (1978), to require the plaintiff

in an age discrimination case to demonstrate that his performance was flawless unnecessarily collapses the steps suggested by *McDonnell Douglas* by shifting considerations which are more appropriate to the employer's rebuttal phase to the earlier requirement that the employee demonstrate competence to perform the specified work. This not merely of formal consequence, for it has the practical effect of requiring the employee to prove not merely that he possesses the basic skills necessary for the job, but rather that he is the best-qualified candidate for the job, under the criteria suggested by the employer.... [T]his burden is extremely difficult to meet if the employer's claim that the employee did not meet some unstated level of performance is sufficient to negate the employee's offer of proof.

Thus, the *Powell* court, and others since, have required the plaintiff to show only that "'his performance was of sufficient quality to merit continued employment, thereby raising an inference that some other factor was involved in the decision to discharge him.'" *Id.* (citing *Flowers v. Crouch–Walker Corp.*, 552 F.2d 1277, 1283 (7th Cir.1977)); *see also La Montagne v. American Convenience Prods., Inc.*, 750 F.2d 1405, 1413–14 (7th Cir.1984) (plaintiff established prima facie case by introducing evidence that job performance was generally satisfactory, despite other evidence to the contrary).

█ We agree with the *Powell* court that "proof of competence sufficient to make out a prima facie case of discrimination was never intended to encompass proof of superiority or flawless performance. If an employer is dissatisfied with the performance of an employee, he can properly raise the issue in rebuttal of the plaintiff's showing." *Powell*, 580 F.2d at 1155. We conclude that Denison made a prima facie showing under the second element of the *McDonnell Douglas* test.

II. *Sufficiency of Evidence of Pretext and that Age was a Determining Factor.*

█ Swaco second contention is that Denison failed in his ultimate burden to prove that Swaco's stated reasons for terminating him were pretext and that age was a determining factor in his termination. Both parties agree that such evidence is crucial in an ADEA case. *See Cooper v. Asplundh Tree Expert Co.*, 836 F.2d 1544, 1547 (10th Cir.1988). The company charges that there was insufficient evidence of pretext because Denison simply argued that his termination should have been based on seniority, without directly challenging Swaco's evidence that it based Denison's termination on sales figures indicating that Denison's division was less profitable than the equivalent division at Geolograph. It objects to the relevancy of any evidence not going to the validity of these sales figures. Relying on *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989), and *Garig v. N.L. Industries, Inc.*, 671 F.Supp. 1460 (S.D.Tex.1985), *aff'd*, 792 F.2d 1120 (5th Cir.1986), Swaco notes that a plaintiff cannot prevail in an age discrimination case simply by questioning the wisdom of his employer's judgment and asserting his expectation of retention based on seniority.

Swaco's reliance on *Wards Cove* and *Garig* is misplaced. The record does not support the company's characterization that Denison attempted to show pretext simply by relying on his view that the company should have retained him based on seniority. Instead, Denison's approach was to show, first, that Swaco's proffered explanation for his termination based on comparative sales figures was "unworthy of credence" because neither Denison nor his replacement was involved in sales, that the figures and personnel were not truly comparative and that the company had strong financial potential both before and after the merger. Second, he introduced evidence indicating that the company considered the higher employment cost of older employees in deciding who to retain, thereby raising the inference that age was a direct factor in the decision to terminate him.

As we outlined in *Lucas v. Dover Corp.*, one of the methods by which an ADEA

plaintiff can show discrimination is by discrediting the employer's explanation for his termination:

> Once the plaintiff establishes a prima facie case, the burden shifts to the employer to "show that a legitimate, nondiscriminatory reason motivated the decision." The plaintiff must then "rebut the employer's showing by demonstrating that the proffered justification is a pretext." The plaintiff retains throughout the ultimate burden of proving that age was a determining factor in the challenged decision.

857 F.2d at 1401 (citing *EEOC v. Sperry Corp.*, 852 F.2d 503, 507 (10th Cir.1988)). That Denison sought to establish that the company's reliance on sales data was pretext, rather than directly challenging the underlying validity of that data, does not indicate error. Denison need not confine his evidence to Swaco's view of the case. Taken in the light most favorable to Denison, we conclude there was sufficient evidence to establish that age was a determining factor in Denison's termination.

III. *Evidentiary Rulings.*

■ Swaco's third argument is that the district court erred in admitting deposition testimony and certain documentary evidence. At the outset, we note Swaco has failed to preserve a number of its evidentiary arguments. Federal appellate rules require that "[w]henever an appeal is based on a failure to admit or exclude evidence, ... the party shall state [in its brief] where in the record a proper objection was made to the ruling and whether the objection is recorded and ruled upon." 10th Cir.R. 28.-2(e); *see also* Fed.R.App.P. 28(e). Swaco has failed to do so in several instances.

■ More importantly, our independent review of the record shows that the company's objections at trial, if any, were often not on the same grounds as raised on appeal. Accordingly, where Swaco did not object at trial or objected on different ground, we review the trial court's evidentiary rulings for plain error only. *Quinton v. Farmland Indus., Inc.*, 928 F.2d 335, 337 (10th Cir.1991); *Whiteley v. OKC Corp.*, 719 F.2d 1051, 1057 (10th Cir.1983).

Otherwise, we review the trial court's rulings for an abuse of discretion. *See Bannister v. Town of Noble, Okla.*, 812 F.2d 1265, 1271 (10th Cir.1987).

A. Testimony.

Swaco first objects to the deposition testimony of Ramona Putman, Fred Munzenmier and Smoky Marquez. The company's objections at trial were limited to a relevancy objection to the Putman and Marquez testimony. We find no objection to Munzenmier's testimony.

■ Putman was Dresser's employee benefits manager. She testified that Denison would have been entitled to "enhanced benefits" pursuant to Dresser policy had he been employed until the age of 55. Munzenmier was Swaco's expert witness who specialized in actuarial science. He testified as to the increased benefits which an employee received under Dresser's old pension plan in comparison to those under a newer insurance policy in effect in 1986. He further noted that certain employees, including Denison, were eligible to combine benefits under both the old and new plans to equal the enhanced benefits under the old plan. Marquez, a former employee of the Swaco division of Dresser, testified to the benefits he received upon retirement. This testimony was used to illustrate by way of comparison the difference between what Denison actually received upon termination and what he would have received had he reached retirement age, as did Marquez.

Swaco's relevancy objection to the above evidence is without merit. Putman, Munzenmier and Marquez's testimony was necessary to establish amount of damages for the lost benefits to which Denison would have been entitled had he been retained by the company. The company's claim that Denison failed to establish any connection between Putman, Munzenmier and Marquez's testimony and his dismissal is irrelevant. There was no need for Denison to establish such a connection since the evidence went to the issue of damages, not liability. We conclude that the trial court

did not abuse its discretion in denying Swaco's objection to these witnesses' deposition testimony on relevancy grounds.

■ Swaco further contends that portions of Putman's testimony went into impermissible subjects and related to Denison's other claims that were previously dismissed. Since Swaco did not object on this basis at trial, we review this issue for plain error only. Taken in context, these references were minor, occurred in the preliminary portions of Putman's testimony and were not brought to the jury's attention. The substantial rights of Swaco were not affected. *See Quinton*, 928 F.2d at 337 (plain error is error that affects the substantial rights of the parties); Fed.R.Evid. 103(d). Consequently, we conclude that Swaco has not meet its burden of establishing plain error.[1]

B. Documents.

Swaco also argues that the trial court erred in admitting several documents into evidence. It first contests the admission of Trial Exhibit 52. Swaco contends that this exhibit was inadmissible because it was because it was prepared by a non-party, was not properly authenticated, and was hearsay. These arguments have no merit.

Trial Exhibit 52 was a document compiled by the Geolograph Company which outlined the savings as a result of the hiring of newer employees over those with greater seniority. Although the document was prepared by Geolograph, a former co-defendant, and not Swaco, Geolograph was one of the participants in the Swaco joint venture. Further, Denison established by circumstantial evidence that decisionmakers at Swaco had access to the conclusions this document contained. Thus, this document was both relevant and admissible. With respect to Swaco's objection to Trial Exhibit 52 on authentication and hearsay grounds, we again observe that Swaco's trial objection was on the grounds of relevance and prejudice, and not authentication and hearsay. Nevertheless, we review these issues for plain error.

■ We disagree with Swaco's contention that Trial Exhibit 52 was not properly authenticated. This document was prepared on Geolograph letterhead and was provided to Denison during discovery by Geolograph, a co-participant in the Swaco joint venture and formerly a defendant. Consequently, there was sufficient circumstantial evidence to support its authenticity. *See, e.g., Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1089 (5th Cir.1988) (authentication upheld where defendant provided documents during discovery and never challenged their authenticity); *FTC v. Hughes*, 710 F.Supp. 1520, 1523 (N.D.Tex. 1989) (documents provided during discovery, on defendant's letterhead, held authentic under Fed.R.Evid. 901(b)(4)); *New Orleans Saints v. Griesedieck*, 612 F.Supp. 59, 62 (E.D.La.1985) (interoffice memorandum on company letterhead properly admissible under Fed.R.Evid. 803 and 901), *aff'd*, 790 F.2d 1249 (5th Cir.1986). We likewise hold that this document was not hearsay because it was not offered to prove the truth of its contents, but to show Swaco's motivation during the reduction in force. *See* Fed.R.Evid. 801(c) (hearsay defined as a statement "offered in evidence to prove the truth of the matter asserted").[2]

Swaco also asserts that the court erred in admitting other documentary evidence in violation of Fed.R.Evid. 401–403. Rule 401 defines the term "relevant evidence," and

---

1. Swaco further claims that the testimony of Joe Dean, an actuarial expert, should have been stricken from the record because Dean's calculations of lost future wages were based on incorrect data. Again, it appears that Swaco did not object to the Dean testimony to preserve this argument on appeal. Regardless, it is clear that no plain error occurred because the court corrected the award for lost future wages after trial to account for future value. Swaco was not prejudiced by this testimony.

2. Swaco additionally argued that it was unfairly surprised by the introduction of Trial Exhibit 52. In his answer brief, however, Denison notes that this document was identified in the pretrial order as Nos. 31 and 32. Faced with this information, Swaco now withdraws its objection based on unfair surprise.

Rule 402 provides that relevant evidence is admissible and irrelevant evidence is not. Rule 403 limits the admission of relevant evidence when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The trial court's admission or exclusion of evidence under these rules is reviewed for an abuse of discretion. *See Spulak v. K Mart Corp.*, 894 F.2d 1150, 1156 (10th Cir.1990).

▆ Swaco first claims that the admission of Dresser's answers to certain interrogatories should not have been permitted under Rule 403. These answers contained statistical information on the ages of persons terminated in a previous reduction in force from Dresser and in the reduction in force from Swaco at issue in this case. Swaco argues that this information was "totally irrelevant, blatantly prejudicial and had absolutely no probative value." It relies on *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989), and *Watson v. Ft. Worth Bank & Trust*, 487 U.S. 977, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988), in which the Court placed substantial limitations on the use of statistical data in discrimination cases.

*Wards Cove* and *Watson* have little practical application here. *Wards Cove* dealt with the care that a court must exercise in permitting the plaintiff to rely substantially on statistics to establish a prima facie case of discrimination based on disparate impact. *See Wards Cove*, 490 U.S. at 650–55, 109 S.Ct. at 2121–24. *Watson* held that discrimination based on subjective criteria for promotion may be analyzed under a disparate impact analysis, and the Court remanded that case for consideration of the plaintiff's statistical evidence under such a theory. 487 U.S. at 999–1000, 108 S.Ct. at 2791–92. This is a disparate *treatment* case, not a disparate *impact* case, and the limitations on the probative value of statistical data recognized in *Wards Cove* and *Watson* are not applicable.

▆ We have held that "statistics alone may be used to establish a prima facie case of racial discrimination in a disparate treatment case." *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1258 (10th Cir.1988). In such cases, however, a plaintiff must show "gross statistical disparities." *Hazelwood School Dist. v. United States*, 433 U.S. 299, 307–08, 97 S.Ct. 2736, 2741–42, 53 L.Ed.2d 768 (1977). When the plaintiff offers other evidence of discriminatory intent, however, "the grossness of the disparity need not be as great." *See EEOC v. Atlas Paper Box Co.*, 868 F.2d 1487, 1504 (6th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 63, 107 L.Ed.2d 30 (1989). Moreover, statistical data is plainly admissible to show that an employer's proffered reason for terminating the plaintiff is purely pretext. *See McDonnell Douglas*, 411 U.S. 792, 804, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668 (1973); *McAlester*, 851 F.2d at 1258.

In this instance, Denison's case did not "rest solely on statistics, but also rest[ed] upon individual instances of discriminatory treatment." *McAlester*, 851 F.2d at 1258. He established a prima facie case without relying on statistical data, and his use of Dresser's responses to his interrogatories was primarily to show that Swaco's explanation for his termination was unworthy of credence, a procedure expressly recognized in *McDonnell Douglas*. Finally, this evidence was merely cumulative. There was substantial independent evidence upon which the jury could conclude that Swaco had intentionally discriminated against Denison because of his age. The trial court did not err by admitting the interrogatory responses.

▆ The company next asserts that evidence going to the financial strength of Dresser was unduly prejudicial under Rule 403 because Dresser is no longer a party to this case. We disagree. Dresser was indirectly a party because it was a participant in the joint venture with Geolograph resulting in the creation of Swaco. More importantly, Swaco's defense rested on its contention that layoffs were necessary to preserve the financial integrity of the joint venture. With this defense, Swaco invited Denison's evidence that Dresser's financial

condition was not as poor as it represented. It was permissible, effective rebuttal evidence. *See Whiteley v. OKC Corp.*, 719 F.2d at 1055 (otherwise inadmissible evidence of financial condition permitted when objecting party "opens the door" to such testimony).

## IV. *Failure to Enforce the Pretrial Order.*

Swaco's fourth argument is that the district court erred in failing to enforce the pretrial order by permitting the introduction of evidence not listed therein. We consider the following factors in determining whether the district court abused its discretion in excluding evidence not specified in the pretrial order:

> "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order."

*Smith v. Ford Motor Co.*, 626 F.2d 784, 797 (10th Cir.1980) (citation omitted), *cert. denied*, 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981); *see also Eastridge Dev. Co. v. Halpert Assocs., Inc.*, 853 F.2d 772, 778 (10th Cir.1988).

■ Swaco points to error in the introduction of Plaintiff's Exhibit 100, a performance evaluation of Frank Ludwell, Denison's replacement. Denison responds that he introduced this document on rebuttal to show that one witness had not fabricated criticisms of Ludwell's performance during trial because the witness had prepared the Ludwell evaluation three years before trial. Accordingly, as rebuttal evidence going to issues which Swaco itself raised, Swaco was not unfairly surprised by the introduction of the evaluation. *See Whiteley v. OKC Corp.*, 719 F.2d at 1055. The court did not abuse its discretion in

admitting this rebuttal evidence. *See Coffey v. United States*, 333 F.2d 945, 949 (10th Cir.1964).

■ Swaco similarly complains that it had no notice that Denison was going to read portions of certain depositions into the record. We consider this question for plain error only, since Denison did not object on these grounds during trial. Denison read portions of the depositions of William Lakey, Ramona Putman and Fred Munzenmier, each of whom were listed in the pretrial order as Denison and Swaco's witnesses, although the order is unclear as to whether they were to testify in person or by deposition.

There is simply no basis for Swaco to argue that it was unfairly prejudiced by this testimony. It clearly had notice of the content of these witnesses' depositions, and counsel was instructed during trial to identify the specific lines of their testimony that would be read into the record. Swaco then had ample opportunity to counter-designate any relevant portions it desired during its case-in-chief, or to call the witnesses to testify live, as it had previously represented it would do. Under the standards of *Smith v. Ford Motor Co.*, the substantial rights of Swaco were not impacted by this testimony, and no plain error occurred.[3]

## V. *Front Pay.*

■ Swaco's fifth assertion is that the trial court erred in submitting the issue of damages for front pay to the jury. Both parties agree there is a split among the circuits on whether to characterize the calculation of front pay damages as a legal issue, for the jury, or an equitable issue, for the court. *See generally Duke v. Uniroyal Inc.*, 928 F.2d 1413, 1421–22 (4th Cir.1991). The trial court below was clearly aware of this dilemma. In an attempt to protect the integrity of its judgment on front pay, the court held that it would treat

---

**3.** The company further argues that Denison should not have permitted the reading of Dresser's answers to certain interrogatories into the record because they were not listed in the pre-

trial order. Our review of the record reveals that these items were identified as Nos. 46–51 in the pretrial order. Therefore, there was no error in their admission.

front pay damages as an equitable issue for its own determination, but that it would submit the issue to the jury on an advisory basis. After trial, it then requested further briefing on the issue of damages for front pay. In an order entered October 5, 1989, the court then reduced the award to account for the present value of Denison's lost future pension benefits. Swaco contends that this procedure violated its right to a fair trial.

The leading case in this area is *Dominic v. Consolidated Edison Co. of New York, Inc.,* 822 F.2d 1249 (2d Cir.1987). After reviewing the legislative history of the ADEA, the court in *Dominic* concluded that front pay damages was an issue for the trial judge's equitable discretion. *See id.* at 1256–57.

We believe this is a common sense result. There is much overlap between the facts relevant to whether an award of front pay is appropriate and those relevant to the size of the award. For example, both questions turn in part on the ease with which the employee will be able to find other employment. To divide the fact-finding responsibilities in such circumstances would be anomalous and would risk inconsistent decisions. A jury might conclude that the employee would never find other work and award a large sum in front pay, while the judge found that he or she would find work immediately and that no award was appropriate. Or, a judge might find front pay appropriate, but the jury might award only a nominal sum based on its belief that the employee could secure immediate employment.

*Id.* at 1258; *accord Duke v. Uniroyal Inc.,* 928 F.2d at 1422–23; *Wildman v. Lerner Stores Corp.,* 771 F.2d 605, 616 (1st Cir. 1985); *Gibson v. Mohawk Rubber Co.,* 695 F.2d 1093, 1100 (8th Cir.1982); *Stafford v. Electronic Data Sys. Corp.,* 741 F.Supp. 664, 666 (E.D.Mich.1990); *Chace v. Champion Spark Plug Co.,* 725 F.Supp. 868, 871 (D.Md.1989); *Spivak v. Coulter Electronics, Inc.,* 686 F.Supp. 897 (S.D.Fla.1988); *Miller v. Pabst Brewing Co.,* 670 F.Supp. 1420 (E.D.Wis.1987), *aff'd,* 870 F.2d 1198

(7th Cir.1989); *Ventura v. Federal Life Ins. Co.,* 571 F.Supp. 48, 51 (N.D.Ill.1983).

Conversely, by implication or with little discussion, a number of other courts have concluded that the trial judge must determine initially that front pay is appropriate, but that the jury must then determine the amount of the award. *See, e.g., Hansard v. Pepsi–Cola Metropolitan Bottling Co.,* 865 F.2d 1461, 1470 (5th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 129, 107 L.Ed.2d 89 (1989); *Fite v. First Tenn. Prod. Credit Ass'n,* 861 F.2d 884, 893 (6th Cir.1988); *Coston v. Plitt Theatres, Inc.,* 831 F.2d 1321, 1333 n. 4 (7th Cir.1987), *vacated on other grounds,* 486 U.S. 1020, 108 S.Ct. 1990, 100 L.Ed.2d 223 (1988); *Blum v. Witco Chem. Corp.,* 829 F.2d 367, 374 n. 4 (3d Cir.1987); *Maxfield v. Sinclair Int'l,* 766 F.2d 788, 796 (3d Cir.1985), *cert. denied,* 474 U.S. 1057, 106 S.Ct. 796, 88 L.Ed.2d 773 (1986); *Eivins v. Adventist Health Sys./Eastern Middle Amer., Inc.,* 660 F.Supp. 1255, 1261 (D.Kan.1987). Although we have cited with approval the *Dominic* case in another context, *see Cooper v. Asplundh Tree Expert Co.,* 836 F.2d at 1557, we have yet to directly rule on this question. *But cf. Spulak v. K Mart Corp.,* 894 F.2d 1150, 1157–58 (10th Cir.1990) (affirming trial court's postjudgment award of front pay); *EEOC v. Prudential Fed. Sav. & Loan Ass'n,* 763 F.2d 1166, 1168, 1173 (10th Cir.) (remanding to trial court for findings to support the court's award of future damages instead of reinstatement, and tacitly accepting the court's calculation of the amount of those damages), *cert. denied,* 474 U.S. 946, 106 S.Ct. 312, 88 L.Ed.2d 289 (1985).

Because the cases holding that the calculation of front pay is a jury question do so primarily by adhering to earlier precedent assuming this was the jury's function, we will follow the more reasoned line of authority represented by the *Dominic* case, which considers in detail the legislative history of the ADEA, the nature of the remedies it provides, and the traditional function of the court and the jury. Accordingly, we conclude that the trial court did not err by holding the calculation of damages was an equitable issue, by submitting the issue on

an advisory basis to the jury, and by reducing the amount of the award on subsequent review.

## VI. *Cumulative Error.*

Swaco's final contention in this appeal is that trial court's ruling on the above matters, in combination, constitute reversible error. Considering our conclusions herein, this argument falls by its own weight.

The district court's judgment denying Swaco's motion for j.n.o.v., new trial or remittitur is AFFIRMED.