**Ray BORDEAU, Plaintiff,**

v.

**SAGINAW CONTROL & ENGINEERING, INC., Defendant.**

No. 04 10312.

United States District Court, E.D. Michigan, Southern Division.

Feb. 2, 2007.

Ray Bordeau, Debra A. Freid, Freid, Gallagher, Saginaw, MI, for plaintiff.

Emil L. Ognisanti, Jamie H. Nisidis, Braun, Kendrick, Saginaw, MI, for defendant.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO STRIKE JURY DEMAND

LAWSON, District Judge.

On August 24, 2006, the Court filed an opinion and order holding that the plaintiff had not pleaded a claim for legal damages in this action under the Family and Medical Leave Act, 29 U.S.C. § 2600 *et seq.* However, the Court held that upon proper proofs, the plaintiff may be entitled to equitable relief, including front pay, if the defendant is found to have violated the Act. *Bordeau v. Saginaw Control & Engineering, Inc.,* 446 F.Supp.2d 766 (E.D.Mich.2006). Because only a claim for equitable relief remains, the defendant filed a motion to strike the jury demand. The plaintiff opposed the motion, and the Court heard oral argument on January 29, 2007. The Court concludes that Sixth Circuit precedent requires the use of a bifurcated procedure in which the Court will determine liability and whether the plaintiff is entitled to front pay and a jury must determine the amount of front pay. The Court, therefore, will deny the motion to strike the jury demand and instruct the jury in a manner consistent with this opinion.

### I.

The facts of the case are recited in the Court's prior opinion. In denying the defendant's motion to dismiss, the Court agreed with the defendant that legal relief in the form of consequential damages are not available under the FMLA, and the plaintiff otherwise did not plead a claim for legal relief. However, the Court noted that the FMLA provides: "Any employer who violates section 2615 of this title shall be liable to any eligible employee affected ... for such equitable relief as may be appropriate, including employment, reinstatement, and promotion." 29 U.S.C.

§ 2617(a)(1)(B). Relying on *McBurney v. Stew Hansen's Dodge City, Inc.*, 398 F.3d 998 (8th Cir.2005), the Court held that the plaintiff might be able to make a case for eligibility for equitable relief in the form of front pay. *See id.* at 1001–1002 & n. 2 (noting that "[f]ront pay is designed to provide an equitable remedy when it is impractical to order the employee's reinstatement to his or her previous job"); *see also Arban v. West Publishing Corp.*, 345 F.3d 390, 406 (6th Cir.2003).

■ Because this case now concerns only an equitable claim, the defendant insists that the plaintiff is not entitled to a jury trial. In support of its argument, it cites *Hildebrand v. Bd. of Trustees of Michigan State University*, 607 F.2d 705, 708 (6th Cir.1979) (stating "[t]he Seventh Amendment guarantees that a trial by jury be had in all federal cases presenting 'legal' claims over $20.00," and concluding that "one is entitled to a jury trial on legal claims, but not equitable ones").

■ Federal Rule of Civil Procedure 39(a) states that when a jury is properly demanded by a party, "[t]he trial of all issues so demanded shall be by jury, unless ... the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States." Fed.R.Civ.P. 39(a). There is no right to a trial by jury in equity cases. Although the division between law and equity is not always clear, "the chief focus to be made when determining whether a jury trial right exists is the nature of the relief sought." *Hildebrand*, 607 F.2d at 708.

The cases across the country tend toward the consistent conclusion that when front pay is treated as an equitable remedy, it is for the judge, not the jury, to determine whether an award of front pay is appropriate. *See, e.g., Rodriguez–Torres v. Carribean Forms Mfgr., Inc.*, 399 F.3d 52, 67–68 (1st Cir.2005); *Abuan v. Level 3 Communications, Inc.*, 353 F.3d 1158, 1176–77 (10th Cir.2003); *EEOC v. W & O, Inc.*, 213 F.3d 600, 617–19 (11th Cir.2000). However, the decisions from the Circuits are not uniform on the question of who decides the *amount* of front pay once the judge determines that front pay may be awarded.

In *Cline v. Wal–Mart Stores, Inc.*, 144 F.3d 294 (4th Cir.1998), the court of appeals held that "the district court erred in submitting the issue of front pay to the jury, and we vacate the jury's award of front pay in the amount of $117,500 and remand for further consideration in equity." *Id.* at 307. In a footnote, the Fourth Circuit went on to say, "[o]n remand, the district court should determine, in light of our discussion in *Duke*, whether front pay should be awarded and, if so, in what amount." *Id.* at 307 n. 3.

The nature of the issue and the division among the circuits was described in detail in *Newhouse v. McCormick & Co., Inc.*, 110 F.3d 635 (8th Cir.1997), which was decided under the Age Discrimination in Employment Act (ADEA), not the FMLA. Nonetheless, the court's comments are helpful. In that case, the district court initially determined that front pay, as opposed to reinstatement, was the appropriate equitable remedy. The court then submitted to the jury the issue of the amount of the award. The court of appeals held that the judge should have determined the amount of front pay, but not before engaging in the following insightful analysis:

> The choice between the two equitable remedies of reinstatement and front pay clearly belongs to the court. *See Doyne v. Union Elec. Co.*, 953 F.2d 447, 450 (8th Cir.1992). Once front pay is chosen, whether the district court must determine the amount or whether the court may submit that determination to

the jury is still an open question in this circuit. We have stated, "Although the calculation of a front-pay award necessarily involves some uncertainty, it is a matter of equitable relief which we leave to the sound discretion of the District Court." *MacDissi v. Valmont Indus., Inc.*, 856 F.2d 1054, 1060 (8th Cir.1988). Yet we have not directly decided whether the district court's discretion includes the authority to submit the determination of the amount of front pay to the jury. *See Doyne*, 953 F.2d at 451 (stating, "This circuit has not addressed this issue, and it is not necessary to reach it in this case . . . ."). In *Doyne*, we reversed a magistrate judge's decision to reduce the amount of front pay awarded by a jury, but we expressly refused to decide whether a trial court is permitted to submit the front pay issue to the jury in the first instance. *Id.* We now have the opportunity to address this issue squarely.

Our sister circuits have expressed differing opinions on the question of whether a jury can determine the amount of front pay. The Third, Fifth, Sixth, and Ninth Circuits have held that while the district court must initially determine whether a plaintiff is entitled to front pay in lieu of reinstatement, the jury determines the amount of front pay damages. *See Hansard v. Pepsi–Cola Metro. Bottling Co.*, 865 F.2d 1461, 1470 (5th Cir.1989), *cert. denied*, 493 U.S. 842, 110 S.Ct. 129, 107 L.Ed.2d 89 (1989); *Fite v. First Tennessee Prod. Credit Ass'n*, 861 F.2d 884, 893 (6th Cir.1988); *Cassino v. Reichhold Chem., Inc.*, 817 F.2d 1338, 1347 (9th Cir.1987), *cert. denied*, 484 U.S. 1047, 108 S.Ct. 785, 98 L.Ed.2d 870 (1988); *Maxfield v. Sinclair Int'l*, 766 F.2d 788, 796 (3d Cir. 1985), *cert. denied*, 474 U.S. 1057, 106 S.Ct. 796, 88 L.Ed.2d 773 (1986). These courts have adopted this view without any analysis, merely reciting the one statement of dicta from *Maxfield* in which the Third Circuit, without citation to any authority, stated that "the amount of damages available as front pay is a jury question." 766 F.2d at 796. To the contrary, the Second, Fourth, Seventh, and Tenth Circuits hold that both the determination of whether front pay is appropriate and the determination of how much front pay to award are questions for the district court's equitable discretion, and thus, the issue of the amount of front pay should not be submitted to the jury. *See Fortino v. Quasar Co.*, 950 F.2d 389, 398 (7th Cir.1991); *Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1426 (10th Cir.1991); *Duke v. Uniroyal, Inc.*, 928 F.2d 1413, 1424 (4th Cir.), *cert. denied*, 502 U.S. 963, 112 S.Ct. 429, 116 L.Ed.2d 449 (1991); *Dominic v. Consol. Edison Co. of New York, Inc.*, 822 F.2d 1249, 1257 (2d Cir. 1987). We agree with this rule and find that the Second Circuit's *Dominic* case best enunciates the rationale.

In *Dominic*, the Second Circuit set forth a thorough and well-reasoned discussion, concluding that the amount of front pay must be determined by the court. 822 F.2d at 1257–58. The court concluded that the language, structure, and history of 29 U.S.C. § 626 all indicate Congress's intention "to limit jury trials to factual issues underlying claims for *legal* relief." *Id.* at 1257 (emphasis added). Additionally, the court reasoned as follows:

> There is much overlap between the facts relevant to whether an award of front pay is appropriate and those relevant to the size of the award.

> For example, both questions turn in part on the ease with which the employee will be able to find other employment. To divide the fact-finding responsibilities in such circumstances

would be anomalous and would risk inconsistent decisions .... [For example,] a judge might find front pay appropriate, but the jury might award only a nominal sum based on its belief that the employee could secure immediate employment.

*Id.*

We agree with the Second Circuit's cogent analysis and now expressly hold that front pay, including the determination of how much front pay to award, is an equitable issue for the court. The district court erred in this case by submitting the front pay determination to the jury.

*Id.* at 642–43.

The Court agrees with the thorough analysis offered by the *Newhouse* court. From a policy, administrative, and commonsense standpoint, it is most sensible for the judge to decide the *entire* question of front pay. The Sixth Circuit has held that the court and not a jury determines whether equitable relief may be awarded in FMLA cases. *Frizzell v. Southwest Motor Freight*, 154 F.3d 641, 644 (6th Cir. 1998) (stating that "[t]he distinction between 'damages' and 'equitable relief' reflects Congress's intent to make juries available to plaintiffs pursuing remedies that fall within section 2617(1)(A), while leaving it to the judge to determine whether equitable relief is warranted under section 2617(1)(B)"). However, the court has determined that districts must use a bifurcated method for front pay questions. In *Arban v. West Publishing Corp.*, 345 F.3d 390 (6th Cir.2003), the court stated:

> While the determination of the precise "amount of an award of front pay is a jury question," the initial "determination of the propriety of an award of front pay is for the court." *Roush v. KFC Nat'l Mgmt. Co.*, 10 F.3d 392, 398 (6th Cir. 1993) (ADEA claim). This court reviews the district court's conclusions regarding the propriety of an award of front pay for an abuse of discretion. *See Simpson v. Ernst & Young*, 100 F.3d 436, 440 (6th Cir.1996) (ERISA claim) ("A decision to submit the issue of front pay to the jury is committed to the sound discretion of the trial court and is reviewed on appeal for an abuse of discretion.").

*Id.* at 406.

The defendant attempts to distinguish *Arban* by arguing that the case involved both legal and equitable claims, and that the result might be different when a pure equity case is presented. But the court believes that the distinction is immaterial when considering the question of front pay itself. See *Roush v. KFC Nat. Management Co.*, 10 F.3d 392, 398 (6th Cir.1993) (stating in an ADEA case that "[w]e have previously held that determination of the amount of an award of front pay is a jury question").

The Court concludes, therefore, that Sixth Circuit precedent requires that the Court submit the question of the *amount* of a front pay award to the jury, while reserving to itself the determination of whether front pay, or some other equitable remedy, ought to be awarded in the first place.

### III.

The Court finds that the plaintiff is entitled to a jury trial on at least one issue presently in the case. Therefore, the jury demand must stand.

Accordingly, it is **ORDERED** that the defendant's motion to strike the jury demand [dkt # 26] is **DENIED**.