976 F.2d 1344
 23 Fed.R.Serv.3d 1370, 36 Fed. R. Evid. Serv. 693
 Rick Edward GRACIA, individually and as personal
representative of the estate of Brenda Gracia, deceased, and
as guardian and next friend of Shelby Don Gracia, and Dusty
Wayne Gracia, Plaintiffs-Appellants,
v.
Michael LEE; Malik Hasan, M.D.; Hiram Leonard, M.D.;
Donald Benton, M.D.; Samant Rawat, M.D., Defendants,
and
David Chepovsky, M.D., Defendant-Appellee.
 No. 91-1375.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 6, 1992.
 
 William E. Myrick and Gregory B. Washington of William E. Myrick & Associates, Denver, Colo., for plaintiffs-appellants.
 Michael T. McConnell and Walter N. Houghtaling of Long & Jaudon, P.C., Denver, Colo., for defendant-appellee.
 Before McKAY, Chief Judge, and BARRETT, Senior Circuit Judge, and BRIMMER,* District Judge.
 BARRETT, Senior Circuit Judge.
 
 
 1
 Plaintiffs appeal[1] from an adverse judgment entered by the district court following a jury verdict for defendant-appellee Chepovsky in this diversity medical malpractice action. Two separate decisions are challenged: (1) pretrial dismissal of the wrongful death claim asserted by plaintiff Rick Edward Gracia on his own behalf, which the district court deemed displaced by the like claims pursued on behalf of the minor plaintiffs, pursuant to Colo.Rev.Stat. § 13-21-201, and (2) exclusion of excerpts from Chepovsky's first, "discovery" deposition that assertedly would have undermined the relatively stronger case Chepovsky was able to present at trial through a subsequent "preservation" deposition taken for reasons of ill health. Because, as explained below, we reject the second assignment of error and therefore affirm the defense verdict on the merits, the first issue is moot.
 
 
 2
 The district court's Order of September 25, 1991, denying plaintiffs' motion for new trial, sets forth the circumstances and rationale relied upon for excluding the proffered excerpts from Chepovsky's discovery deposition. The district court acknowledged that, under Fed.R.Civ.P. 32(a)(2), the deposition of a party, whenever taken, generally may be used against him at trial for any purpose. However, the district court emphasized that this broad rule of inclusion is qualified by the introductory phrase, "so far as [the deposition is otherwise ] admissible under the rules of evidence applied as though the witness were then present and testifying [at trial]." Fed.R.Civ.P. 32(a) (emphasis added). Accordingly, applying Fed.R.Evid. 403 (exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time) and Fed.R.Evid. 611 (court control over mode and order of interrogation and presentation of evidence), the district court concluded it would be unfairly prejudicial to Chepovsky, as well as contrary to the truth-seeking function of civil litigation generally, for plaintiffs to use the proffered excerpts from the first deposition to attack Chepovsky at trial--in absentia--after plaintiffs had elected not to use them at the preservation deposition, when Chepovsky would have had an opportunity to address, on videotape for the benefit of the jury, any concerns raised by his earlier testimony.[2]
 
 
 3
 We agree with the district court that admission of the discovery deposition excerpts was not legally mandated by Rule 32(a). See Polys v. Trans-Colorado Airlines, Inc., 941 F.2d 1404, 1410 (10th Cir.1991). Accordingly, its discretionary decision to exclude them must be reviewed with considerable deference, under a clear abuse of discretion standard. See id. at 1407. Indeed, appellate deference is particularly appropriate here, where the decision implicates the district court's fundamental control over the trial process. See Thweatt v. Ontko, 814 F.2d 1466, 1470 (10th Cir.1987) (in light of trial court's essential control over conduct of trial and orderly presentation of evidence, "[e]ven evidence which is relevant may be excluded in order to promote the administration of the judicial process, and the direction of the trial court will not be disturbed absent a manifest injustice to the parties") (citations omitted); see also C.A. Assocs. v. Dow Chem. Co., 918 F.2d 1485, 1489 (10th Cir.1990) (" 'if judicial self-restraint is ever desirable, it is when a Rule 403 analysis of a trial court is reviewed by an appellate tribunal' ") (quoting Wheeler v. John Deere Co., 862 F.2d 1404, 1408 (10th Cir.1988)).
 
 
 4
 The proffered deposition testimony could, perhaps, have been admitted without error in accord with the legal rationale advanced in plaintiffs' able briefs. That, however, is not the dispositive question here. Rather, we must decide whether the district court clearly exceeded the bounds of its discretion by excluding the testimony pursuant to its broad authority to control the judicial process in the interests of justice and fairness. In this regard, in addition to the pertinent facts already recited, we consider it significant that plaintiffs' case is not bolstered by reference to any excuse, justification, cause, or explanation for their failure to take full advantage of the opportunity they undeniably had to use Chepovsky's initial testimony during the preservation deposition.[3] When questioned by the district court on this point, plaintiffs' counsel could only reply, "I can't specifically state as to a recollection as to why certain issues were not addressed." Appellants' App. at 97. Furthermore, the district court's assessment regarding the marginal relevance of the excluded testimony does not leave us with a "definite and firm conviction that [it] made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." United States v. Ortiz, 804 F.2d 1161, 1164 n. 2 (10th Cir.1986) (explaining abuse of discretion standard). Adhering to the principles guiding our review set out in the cited authorities, we will not disturb the judgment entered on the jury verdict rendered below.
 
 
 5
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 Plaintiffs argue Chepovsky should have anticipated their use at trial of his discovery deposition under Rule 32 and protected himself by voluntarily identifying and explaining any potential errors or inconsistencies in his testimony as best he could during the videotape deposition. Whatever persuasiveness, if any, this point might otherwise have is undercut by the pretrial order entered in this case six months after the first deposition and two months before the second, in which plaintiffs listed Chepovsky as a trial witness and stated only that "his testimony will be offered by videotape." Appellants' App. at 30-31; see also id. at 43-48 (listing plaintiffs' trial exhibits without any mention of Chepovsky's first deposition). Given the binding effect of pretrial orders, see Long v. Laramie County Community College Dist., 840 F.2d 743, 750 (10th Cir.), cert. denied, 488 U.S. 825, 109 S.Ct. 73, 102 L.Ed.2d 50 (1988), Chepovsky had no reason to discuss his initial testimony except to the extent someone specifically inquired about it during the preservation deposition
 
 
 [3]
 Plaintiffs' counsel did, in fact, use portions of the first deposition in cross-examining Chepovsky during the preservation deposition, see, e.g., Appellee's Supp.App. at 61, but inexplicably neglected to inquire about the particular prior testimony that is the subject of this appeal