**FALLS, Appellant,**

v.

**CENTRAL MUTUAL INSURANCE COMPANY et al., Appellees.**

[Cite as *Falls v. Cent. Mut. Ins. Co.* (1995), 107 Ohio App.3d 846.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE06–757.

Decided Dec. 21, 1995.

*Nims & Bolen* and *Ronald K. Nims,* for appellant.

*Zeiger & Carpenter, Michael H. Carpenter, David A. Wallace* and *LeeAnn M. Webster,* for appellees.

CLOSE, Judge.

This is an appeal from a summary judgment rendered in favor of defendant-appellee, Nissan Motor Corporation in the U.S.A. ("Nissan"), in a products liability crashworthiness case.

Plaintiff-appellant, Thelma R. Falls, filed suit after sustaining injuries in a four-car automobile accident on I–71. Appellant was apparently sitting in the front passenger seat of a 1989 Nissan Sentra when the driver lost control. Her seat belt came unfastened during the multicar collision. The unlatching of the seat belt is the basis for this lawsuit against Nissan. In her complaint, appellant alleged claims of negligent design and workmanship and faulty materials, and further alleged that the unlatching of the seat belt caused or aggravated her injuries.

In moving for summary judgment, Nissan argued that appellant did not have any evidence of a defect, did not obtain or disclose expert testimony, and would not be able to present evidence at trial establishing a product defect or enhanced injury, both of which are essential elements of a claim for product liability for lack of crashworthiness. Nissan supported its motion with expert testimony that the seat belt was not defective. In response, appellant submitted her own deposition testimony that she had properly fastened the seat belt and that the seat belt came unfastened during the collision.

The trial court granted summary judgment upon concluding that appellant had failed to rebut Nissan's direct evidence that the seat belt was not defective. In so holding, the trial court rejected appellant's reliance on *State Farm Fire & Cas. Co. v. Chrysler Corp.* (1988), 37 Ohio St.3d 1, 523 N.E.2d 489, as support for the proposition that circumstantial evidence may be used to prove product defects. Appellant now takes issue with the award of summary judgment and the trial

court's conclusion that her deposition testimony was insufficient to rebut expert testimony to the contrary.

On appeal, appellant raises the following two assignments of error, which were mistakenly labeled "ISSUES PRESENTED FOR REVIEW":

"1. The Trial Court erred in concluding that Appellant had not entered a sufficient response on the issue of defective manufacture or design of the seatbelt mechanism.

"2. The Trial Court erred in concluding that Appellant had not entered a sufficient response on the issue of whether the defect in the seatbelt mechanism caused or exacerbated the Appellant's injuries."

The assignments of error are related and will be treated together.

■ Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). After viewing the evidence most strongly in favor of the nonmoving party, it must appear from the evidence that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. Favorable review of the evidence means that all inferences must be construed in favor of the nonmoving party. *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 21 O.O.3d 267, 424 N.E.2d 311.

■ In order to withstand a defendant's motion for summary judgment, the nonmoving party must do more than simply resist the allegations in the motion. Rather, appellant, as the nonmoving party, must affirmatively set forth the facts which entitle her to relief. *Celotex v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265; *Bach v. Gatsby Saloon, Inc.* (June 1, 1995), Franklin App. No. 94APE12–1781, unreported, 1995 WL 326202. That appellant relies upon circumstantial evidence is immaterial. As the Ohio Supreme Court held in *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph one of the syllabus, "[c]ircumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof."

■ Given that all doubts must be resolved in favor of the nonmoving party and, in particular, that inferences must be construed favorably toward the nonmoving party, we conclude that appellant's evidence created material issues of fact regarding causation and the existence of a defect. Appellant, in responding to the motion for summary judgment, attached her deposition testimony, which set forth facts demonstrating that the seat belt came unfastened during the collision and that her body was thrown back between the front bucket seats. This testimony created a reasonable inference that the seat belt failed to perform

its intended purpose, that of restraining passengers in the event of an accident. From this evidence, it is also reasonable to infer that a malfunction or defect contributed to appellant's injuries by causing her to be thrown about.

Although Nissan's expert personally examined the seat belt and opined that it was not defective, the expert did not test or render an opinion regarding the operability of the seat belt in accident situations. The examination merely involved repeated attempts to buckle and unbuckle the seat belt. Thus, appellant's deposition testimony created material issues of fact which render the summary judgment inappropriate.

Our holding is consistent with *State Farm*, which held that:

"[U]nder the consumer-expectation standard, evidence of unsafe, unexpected product performance is sufficient to infer the existence of a product defect." 37 Ohio St.3d at 7, 523 N.E.2d at 495.

Appellant presented evidence that the seat belt did not perform as expected or intended. Under *State Farm*, this is sufficient evidence from which to infer the existence of a product defect, if the jury so chooses. Coupled with the evidence that she was thrown about, it creates a triable issue regarding causation and/or aggravation of her injuries.

For the above reasons, appellant's assignments of error are sustained. The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DESHLER, J., concurs.

HOLMES, J., dissents.

ROBERT E. HOLMES, J., retired, of the Supreme Court of Ohio, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.