Carolyn J. BEDELL, Plaintiff,

v.

AMERICAN YEARBOOK COMPANY, INC., Defendant.

No. Civ.A. 97–4034–DES.

United States District Court, D. Kansas.

Aug. 31, 1998.

K. Gary Sebelius, Michael M. Walker, Wright, Henson, Somers, Sebelius, Clark & Baker, LLP, Topeka, KS, for Defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

The above entitled matter comes before the court on Defendant's Motion for Summary Judgment (Doc. 35). For reasons the set forth below, the court hereby denies the motion.

## I. INTRODUCTION

All of the facts stated below are either uncontroverted or, if controverted, are construed in a light favoring Carolyn J. Bedell ("Ms.Bedell")—the non-moving party.

Ms. Bedell, who was born on January 14, 1940, worked for American Yearbook Company, Inc., ("American") as a Production Control Clerk A. As of July 15, 1994, she had been employed with American for approximately twenty years.

In 1994, a new computer automation system replaced some of Ms. Bedell's existing job duties. On or about June 14, 1994, Mr. Cornett, Ms. Bedell's supervisor, informed her that her Production Control Clerk A position was being eliminated due to the new computer system. Ms. Bedell claims that she applied for a transfer to the JP department in the company for an open position with similar job duties as she was performing. Ms. Bedell was not given this position. After discussion with several individuals in American's company, Ms. Bedell eventually took a seasonal position as a bar coder. On September 15, 1995, Ms. Bedell was laid off from this position and her employment was terminated on April 1, 1996. This bar coder position is considered to be a demotion by Ms. Bedell and American has not refuted that claim.

Other facts necessary for the resolution of this matter will be discussed below.

## II. SUMMARY JUDGMENT STANDARD

A court shall render summary judgment upon a showing that there is no genuine issue of material fact and that the movant is enti-

Dan E. Turner, Phillip L. Turner, Turner & Turner Law firm, Topeka, KS, for Plaintiff.

tled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The rule provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The substantive law identifies which facts are material. *Id.* at 248, 106 S.Ct. 2505. A dispute over a material fact is genuine when the evidence is such that a reasonable jury could find for the nonmovant. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

The movant has the initial burden of showing the absence of a genuine issue of material fact. *Shapolia v. Los Alamos Nat'l Lab.,* 992 F.2d 1033, 1036 (10th Cir.1993). The movant may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant need not negate the nonmovant's claim. *Id.* at 323, 106 S.Ct. 2548.

Once the movant makes a properly supported motion, the nonmovant must do more than merely show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmovant must go beyond the pleadings and, by affidavits or depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548 (interpreting Fed.R.Civ.P. 56(e)). Rule 56(c) requires the court to enter summary judgment against a nonmovant who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof. *Id.* at 322, 106 S.Ct. 2548. Such a complete failure of proof on an essential element of the nonmovant's case renders all other facts immaterial. *Id.* at 323, 106 S.Ct. 2548.

A court must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence. *See, e.g., U.S. v. O'Block,* 788 F.2d 1433, 1435 (10th Cir.1986) (stating that "[t]he court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues"). The court's function is not to weigh the evidence, but merely to determine whether there is sufficient evidence favoring the nonmovant for a finder of fact to return a verdict in that party's favor. *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. Essentially, the court performs the threshold inquiry of determining whether a trial is necessary. *Id.* at 250, 106 S.Ct. 2505.

### III. Discussion of Wrongful Demotion Claim

American seeks summary judgment on Ms. Bedell's claims that American violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.,* by terminating her position and demoting her to another position on the basis of her age. The ADEA makes it unlawful for an employer to discharge an individual because of such individual's age. 29 U.S.C. § 623.

Ms. Bedell claims that there is direct evidence of age discrimination which supports her claim of wrongful demotion under the ADEA. First, Ms. Bedell appears to be claiming that a Capital Expenditure Authorization (CEA) completed in the summer of 1993, combined with statements made by Mr. Cornett concerning the elimination of her position due to the CEA, provide direct evidence of age discrimination.

In his first deposition in this case, Mr. Cornett claimed that the reason for Ms. Bedell's termination was the approval of the CEA which called for automation of her job duties. However, in his second deposition, after Ms. Bedell had been given a copy of the CEA, Mr. Cornett admitted that the CEA actually only called for the automation of, at most, one hour of Ms. Bedell's duties.

Direct evidence has been defined as "[e]vidence that directly proves a fact, without an inference or presumption, and which in itself, if true, conclusively establishes that fact." Black's Law Dictionary 460 (6th

ed.1990). The court finds that the evidence concerning the CEA is not direct evidence of age discrimination. Nothing in the statements made by Mr. Cornett during his deposition or the CEA make any reference to Ms. Bedell's age or that she should be terminated because of her age. Although the CEA and Mr. Cornett's testimony may have some evidentiary value to Ms. Bedell's case, they do not provide direct evidence of age discrimination.

Ms. Bedell also claims that certain comments made to her by Mr. Cornett also provide direct evidence of age discrimination. According to Ms. Bedell's deposition taken October 8, 1998, Ms. Bedell had a conversation with Mr. Cornett concerning a transfer to the JP department of the company. Mr. Cornett stated that he felt she was incapable of learning new things. To this statement Ms. Bedell responded "is it because I am too old? Old dogs can learn new tricks." Bedell depo. pg. 80:16–19. Mr. Cornett responded, "I don't think so." *Id.*

The court finds that these statements, assuming them to be true and construed in the light most favorable to Ms. Bedell, are irrelevant in regard to the issue of Ms. Bedell's demotion. As clearly admitted by Ms. Bedell, this conversation took place after she had been informed of her termination. These statements may be direct evidence in her failure to transfer claim, but are of no support to her wrongful demotion claim.

■ Therefore, the court finds that Ms. Bedell has produced no direct evidence of age discrimination in support of her wrongful demotion claim. The evidence concerning the CEA is only circumstantial and the statements made by Mr. Cornett concerning the transfer to the JP department are not relevant to Ms. Bedell's demotion. However, a plaintiff may prove her case either through direct evidence or through the indirect burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Vanasco v. National–Louis University*, 137 F.3d 962 (7th Cir. 1998).

The Tenth Circuit has adopted the burden-shifting format set out in *McDonnell Douglas* as a framework for analyzing civil rights claims when no direct evidence of discrimination exists. *E.E.O.C. v. Flasher Co., Inc.*, 986 F.2d 1312, 1316 (10th Cir.1992). The Tenth Circuit has applied this framework to claims brought under the ADEA. *See Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526 (10th Cir.1994) (applying the McDonnell Douglas framework to ADEA claim).

To survive summary judgment, the plaintiff must first establish a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817. Once the plaintiff has established a *prima facie* case, a rebuttable presumption of discriminatory intent arises and the burden of production shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.* "[T]he defendant does not at this stage of the proceedings need to litigate the merits of the reasoning, nor does it need to prove that the reason relied upon was bona fide, nor does it need to prove that the reasoning was applied in a nondiscriminatory fashion." *Flasher*, 986 F.2d at 1316 (citations omitted). However, the employer's reason for the adverse action "must be reasonably specific and clear." *Id.*

If the defendant employer meets this burden, the presumption of discrimination arising from the *prima facie* case "simply drops out of the picture." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). " 'At the summary judgment stage, it then becomes the plaintiff's burden to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual—i.e. unworthy of belief.' " *Marx v. Schnuck Markets, Inc.*, 76 F.3d 324, 327 (10th Cir.1996) (quoting *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir.1996)). The plaintiff may establish pretext by showing " 'that a discriminatory reason more likely motivated the employer or ... that the employer's proffered explanation is unworthy of credence.' " *Rea v. Martin Marietta Corp.*, 29 F.3d 1450, 1455 (10th Cir.1994) (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). The court must determine whether the evidence, interpreted in the light most favorable to the plaintiff, "could persuade a reasonable

jury that the employer had discriminated against the plaintiff."*Jones v. Unisys Corp.*, 54 F.3d 624, 632 (10th Cir.1995) (quoting *Hooks v. Diamond Crystal Specialty Foods, Inc.*, 997 F.2d 793, 798 (10th Cir.1993)). "If no facts relating to the pretextuality of the defendant's action remain in dispute, summary judgment is appropriate." *Id.* "The plaintiff at all times bears the 'ultimate burden of persuasion.'" *See St. Mary's Honor Center*, 509 U.S. at 511, 113 S.Ct. 2742 (citations omitted).

▪ To establish a *prima facie* case of age discrimination pursuant to the ADEA, Ms. Bedell must show that (1) she is "within the protected age group"; (2) she "was doing satisfactory work"; (3) she "was discharged"; and (4) her position was filled by a younger person. *Cone*, 14 F.3d at 529 (citing *Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1420 (10th Cir.1991)). Ms. Bedell's burden in establishing her *prima facie* case is relatively light. *St. Mary's Honor Center*, 509 U.S. at 515, 113 S.Ct. 2742 ("what is required to establish the *McDonnell Douglas prima facie* case is infinitely less than what a directed verdict demands").

American concedes that Ms. Bedell meets the first three requirements for establishing a *prima facie* case—she was within the protected age group, she was doing satisfactory work, and she was discharged. American disputes, however, that Ms. Bedell was replaced by a younger person, which is the fourth element of a *prima facie* case.

▪ American claims that Ms. Bedell was not replaced, but that new computer equipment automated nearly all of her job duties. Ms. Bedell claims that she was replaced by Barb Raine, who is younger than Ms. Bedell. American admits that Ms. Raine was trained to perform at least part of Ms. Bedell's job duties. However, American claims that this training was only so that Ms. Raine could fill in for Ms. Bedell while Ms. Bedell was on vacation. The only evidence produced by either party concerning the status of Ms. Raine is the statements given by Mr. Cornett during his deposition. In his deposition, he claimed Ms. Raine was only trained to fill in for Ms. Bedell when she was on vacation. Ms. Bedell claims that the CEA shows that her position was not automated and that Ms. Raine replaced her. Neither party has produced any employment records, testimony of Ms. Raine, or any other evidence in support of their relative positions. The court finds that there exists a sufficient factual dispute as to whether Ms. Raine was trained to replace Ms. Bedell or to fill in while Ms. Bedell was on vacation. As a result of this factual dispute, the court finds that Ms. Bedell has, for the purposes of this motion, established a *prima facie* case of age discrimination on her wrongful termination claim.

According to the *McDonnell Douglas* burden-shifting analysis, American now has the burden of producing a legitimate, nondiscriminatory reason for the actions taken against Ms. Bedell. American's offered reason for terminating Ms. Bedell is that her position was automated by the new computer system installed at American's plant. The court finds that this reason is sufficient to shift the burden back to Ms. Bedell to produce evidence that American's offered reason is merely pretext.

▪ Ms. Bedell has offered some evidence in support of her position that American's claim that her position was automated is pretexual. First, Ms. Bedell claims that the CEA refutes the claim that all of her job duties were automated. As discussed above, the CEA that was prepared in connection with the purchase of the new computer system only called for the elimination of, at most, one hour of Ms. Bedell's job duties. American claims that the CEA was not intended to be an exhaustive list of all of the jobs which would be automated by the new computer system. Rather, it only provided a list of some of the jobs which could be eliminated based on the capabilities of the new system that were known at the time the CEA was created.

Ms. Bedell also claims that Ms. Raines replaced her after her position was terminated. As discussed above, the court finds that there is a question of fact as to whether Ms. Raines replaced Ms. Bedell. If a jury finds that Ms. Raines did in fact replace Ms. Bedell, this would be substantial evidence that American's claim that Ms. Bedell's position was automated was merely pretext.

The court finds that Ms. Bedell has produced sufficient claims and evidence of pretext to allow her claims to proceed to trial. The court finds that it would be inappropriate to grant summary judgment based on the facts of this case. The Defendant's Motion for Summary Judgment is, therefore, denied as it relates to the claim for wrongful demotion under the ADEA.

## IV. Discussion of Failure to Transfer Claim

Ms. Bedell alleges that American unlawfully discriminated against her in regard to an application to be transferred to a different department based upon her age. As with the wrongful demotion claim, Ms. Bedell can prove her case either through the use of direct evidence or through the indirect, burden-shifting method of *McDonnell Douglas.*

■ The only evidence which Ms. Bedell has brought before the court which could be considered direct evidence of age discrimination in her failure to transfer claim is the statements made by Mr. Cornett at their meeting concerning the transfer to the JP department. This was the conversation in which Mr. Cornett allegedly told Ms. Bedell that he did not think she was capable of learning new things. Ms. Bedell then asked if it was because she was too old and stated "old dogs can learn new tricks." Mr. Cornett then responded, "I don't think so." The court finds that these statements are irrelevant in regard to the failure to transfer claim.

"To establish a direct evidence ... case, a plaintiff must introduce 'direct evidence that decisionmakers placed substantial negative reliance on an illegitimate criterion in reaching their decision.'" *Fischer v. Allied Signal Corp.,* 974 F.Supp. 797, 804 (D.N.J.1997) (quoting *Price Waterhouse v. Hopkins,* 490 U.S. 228, 277, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989)). Ms. Bedell's failure to transfer claim is based on her attempt to transfer to a department which was headed by David Klene. In her Response and Objection to the Defendant's Motion for Summary Judgment (Doc. 46), Ms. Bedell admits that Mr. Klene was in charge of the hiring for the new position. There is no evidence presented which could lead the court to conclude that Mr. Cornett had any input into the hiring

decisions in the JP department. As a result, the statements allegedly made by Mr. Cornett do not provide any direct evidence of age discrimination in regard to the failure to transfer claim. There is also no direct evidence that Mr. Klene had any discriminatory motive in making his decision.

Absent any direct evidence in a failure to transfer case brought under the ADEA, the court must go through the *McDonnell Douglas* burden shifting analysis described in Section III above.

■ Ms. Bedell has an initial burden of establishing a *prima facie* case. *Whitten v. Farmland Industries, Inc.* 759 F.Supp. 1522, 1537 (D.Kan.1991). In order to establish a *prima facie* case in a failure to transfer situation, Ms. Bedell must show that (1) she was a member of the protected age group; (2) she applied for the transfer but was not selected for that particular position; (3) she was qualified for the transfer position that she sought; and (4) another person outside the protected age group was selected for the position. *Id.* Once Ms. Bedell establishes the *prima facie* case, American must come forth with some evidence demonstrating that it had legitimate, non-discriminatory reasons for its decision to hire someone other than Ms. Bedell. *Id.* at 1531 (citing *Verniero v. Air Force Academy Sch. Dist. No. 20,* 705 F.2d 388, 391 (10th Cir.1983)). If such an explanation is given, Ms. Bedell must demonstrate that American's articulated reason is a mere pretext for unlawful discrimination. *Id.*

■ Again, American concedes that Ms. Bedell was within the protected age group. However, American contends that Ms. Bedell cannot establish the remaining three elements of her *prima facie* case. First, American claims that Ms. Bedell has not established that she was qualified for the position in question. Ms. Bedell has claimed that the job duties of the position to which she sought to be transferred were the same as the job duties of the position which she held for twenty years. American has presented no arguments or evidence to refute this claim. Rather, it simply states in its reply brief "plaintiff has not established that she was

qualified for the Commercial Coordinator Aide position."

In order to survive a motion for summary judgment, Ms. Bedell is not required to prove her claim. She has stated both in her response to the motion for summary judgment and in her deposition that the position in the JP department involved the same job duties as the position she held under Mr. Cornett. The court finds that a legitimate factual dispute exists in regard to the issue of whether Ms. Bedell was qualified for the position in the JP department. Therefore, Ms. Bedell has made a sufficient showing, for purposes of this motion, that she was qualified for the position in question.

 American also claims that Ms. Bedell never applied for the position in question. Ms. Bedell refutes this claim and insists she did submit a job application with the JP department. As evidence of her claim, Ms. Bedell has provided the court a copy of a letter dated August 18, 1994, from Barbara Alcantar, Employee Relations Manager, which thanks her for her interest in the Commercial Coordinator Aide position and informs her that the position has been filled with another person. American claims that this letter is only evidence of the fact that Ms. Bedell showed interest in the position, not that she applied for the position. The court disagrees. It is common in the business world to send "rejection letters" to people who have applied for a job which simply states "thank you for showing an interest" rather than stating "thank you for applying." The court finds that a clear factual dispute exists as to whether Ms. Bedell applied for the position in the JP department. Therefore, the court finds that Ms. Bedell has made a sufficient showing that she meets this element of her prima facie case to survive a motion for summary judgment.

 American also claims that Ms. Bedell cannot establish that the person who received the position was younger than she. American's position is that, because Ms. Bedell was unable to identify who had received the position in the JP department at the outset of this case and in her deposition, her claim must fail. In support of this contention, American relies on *Whitten v. Farmland Industries,* 759 F.Supp. 1522 (D.Kan.

1991). The court finds that American's reliance on *Whitten* is unfounded.

In *Whitten,* the court granted summary judgment to the defendants on a failure to transfer claim because the plaintiff was unable to identify any position that was open in the company or any person who was given a position for which he had applied. However, in *Whitten* it appears that the plaintiff was never able to identify a position or person who received a position. In this case, Ms. Bedell has clearly shown what position was open, and, in response to the motion for summary judgment, identified who was given the position. The court finds that *Whitten* is distinguishable on its facts and also finds that Ms. Bedell has established, for purposes of this motion, that a person younger than her received the position that she was seeking in the JP department.

 The court finds that Ms. Bedell has made a sufficient showing of a *prima facie* case for the purposes of a motion for summary judgment. According to the *McDonnell Douglas* burden-shifting analysis, the burden shifts to American to articulate a justified, nondiscriminatory reason for its employment action. In American's memorandum in support of its motion for summary judgment and its reply to Ms. Bedell's response to this motion, American offers no reason for its decision not to hire Ms. Bedell. Instead, it simply argues that Ms. Bedell cannot establish a *prima facie* case and ends its argument there. Having failed to meet its burden of articulating a justified, nondiscriminatory reason for its actions, the court finds that summary judgment is inappropriate and, therefore, denies the motion on the failure to transfer claim.

**IT IS THEREFORE BY THE COURT ORDERED** that American's Motion for Summary Judgment (Doc. 35) is denied.