OPINION
Plaintiff-appellant, Tonya Carter, appeals from a judgment of the Franklin County Court of Common Pleas, granting the summary judgment motion of defendants-appellees, Russo Realtors and Arthur (individually "defendant") and Nancy Russo, (collectively, "defendants").
Plaintiff was a tenant of defendants' property from June 1994 to November 1998. Plaintiff's rental payments were federally subsidized. Due to an incident between plaintiff and a man sent by defendants to effect repairs at plaintiff's apartment, defendants filed an eviction action against plaintiff on July 11, 1995. On September 18, 1995, the municipal court entered judgment in plaintiff's favor. Thereafter, defendants took no further steps to evict plaintiff.
Plaintiff filed the present action on August 8, 1996 against defendants under the Sections 3604(a) and (b) of the Federal Fair Housing Act, Section 1982, Title 42, U.S. Code, and R.C. 4112.02(H), alleging that defendants discriminated against her on the basis of race. The trial court granted defendants' motion for summary judgment on June 14, 2000. Plaintiff appeals, assigning the following errors:
 I. THE TRIAL COURT DID NOT CONSTRUE ALL EVIDENCE AND RESOLVE ALL DOUBTS IN FAVOR OF THE PLAINTIFF, AS IT WAS REQUIRED TO DO UNDER OHIO R.CIV.P. 56.
 II. THE TRIAL COURT ERRED IN NOT HOLDING THAT DEFENDANTS' STATEMENTS CONSTITUTED DIRECT EVIDENCE OF RACIAL DISCRIMINATION IN HOUSING.
 III. THE TRIAL COURT ERRED IN CONCLUDING THAT PLAINTIFF HAD NOT PRESENTED EVIDENCE ON A CIRCUMSTANTIAL CASE OF HOUSING DISCRIMINATION.
Because plaintiff's first and second assignments of error are interrelated, we address them jointly. Together they assert the trial court erred in failing (1) to construe the evidence in plaintiff's favor, and (2) to conclude defendants' statements constituted direct evidence of racial discrimination in housing.
"In order to grant a motion for summary judgment, the court must find that, construing the evidence most strongly in favor of the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. * * * A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made." Strader v. Johnson (Dec. 22, 1998), Franklin App. No. 98AP-202, unreported. All reasonable inferences must be resolved in favor of the non-moving party. Falls v. Central Mutual Ins. Co. (1995), 107 Ohio App.3d 846, 848.
R.C. Chapter 4112 properly is interpreted in reference to federal law. Strader, supra. Moreover, because plaintiff's claims under state and federal law involve a similar analysis, we address them as one. "Two avenues exist by which a plaintiff can attempt to prove intentional * * * discrimination." Cronquist v. City of Minneapolis (C.A.8, 2001),237 F.3d 920, 924. (Citations omitted.) A plaintiff can proceed under the three-stage, burden-shifting standard set forth in McDonnell Douglas Corp. v. Green (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668. Under those parameters, a plaintiff bears the initial burden of establishing a prima facie case of discrimination. Once a prima facie case is established, a rebuttable presumption shifts the burden to the defendant to articulate a legitimate, nondiscriminatory reason for taking action against the plaintiff. If the defendant articulates such a reason, the presumption disappears and the plaintiff bears the burden of proving the defendant's proffered reason is merely a pretext for discrimination. Cronquist, supra, at 924.
"Alternatively, the plaintiff can rely upon the direct evidence standard set forth in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), if the plaintiff produces direct evidence that an illegitimate criterion, such as gender, `played a motivating part in [the] * * * decision [at issue].'" Id. (Citations omitted.) Direct evidence is "proof which speaks directly to the issue, requiring no support by other evidence." Randle v. LaSalle Telecommunications, Inc. (N.D.Ill. 1988),697 F. Supp. 1474, 1478, affirmed 876 F.2d 563. It "directly proves a fact, without an inference or presumption; and which, if true, conclusively establishes that fact." Id. Once the plaintiff establishes such direct evidence, the burden shifts to the defendant to demonstrate by a preponderance of the evidence that the defendant would have reached the same decision absent any discrimination. If the defendant fails to meet that standard, the plaintiff prevails. Id. See, also, Troy v. Suburban Management Corp. (C.A.6, 1990), 908 F.2d 974 (applying McDonnell Douglas analysis to housing discrimination). See Aloqaili v. National Housing Corp. (N.D.Ohio. 1990), 743 F. Supp. 1264 (applying Price Waterhouse's standard to housing discrimination). The ultimate burden of persuasion remains with plaintiff to prove her race motivated defendants' decision to evict her. St. Mary's Honor Center v. Hicks (1993),509 U.S. 502.
Plaintiff's first two assignments of error address her direct evidence attempt to prove intentional discrimination. In support of that claim, plaintiff asserts she asked defendants to repair her apartment, and in response defendant stated: (1) "you people should be grateful that you have a decent place to live," and (2) "the place where you are living now is better than the ghetto where you used to live." Plaintiff further contends defendant made the above comments, or comments substantially similar to them, on her answering machine. Plaintiff asserts the two comments constitute direct evidence sufficient to prove defendants harbored racial animus that prompted their attempt to evict her.
Under the direct evidence standard, discriminatory statements only support a claim of discrimination if a causal link or nexus exists between the discriminatory statement and the prohibited act of discrimination. Comments that are vague, ambiguous or isolated do not support a finding of discrimination and cannot be used as direct evidence to establish that an adverse action was motivated by discriminatory intent. Tessmer v. Nationwide Life Ins. Co. (Sept. 30, 1999), Franklin App. No. 98AP-1278, unreported, citing Byrnes v. LCI Communication Holdings Co. (1996), 77 Ohio St.3d 125, 130; see, also, Smith v. E.G. Baldwin Assoc. Inc. (1997), 119 Ohio App.3d 410, 416. Thus, in EEOC v. Alton Packaging Corp. (C.A.11, 1990), 901 F.2d 920, 924, the court excluded as direct evidence of discrimination "stray remarks in the workplace," "statements by nondecisionmakers," and "statements by decisionmakers unrelated to the decisional process itself."
"To rise above the level of a stray remark and constitute direct evidence of discrimination, a remark must: (1) be made by the decision maker or one whose recommendation is sought by the decision maker; (2) be related to the specific * * * decision challenged; and (3) be made close in time to the decision." Ross v. Communication Workers of America, Local 1110 (S.D.N.Y. 1995), 91 CIV. 6367 (LAP); see, also, Tessmer, supra; Swiggum v. Ameritech Corp. (Sept. 30, 1999), Franklin App. No. 98AP-1040, unreported (holding that remarks failing to show a link to a discriminatory intent were not sufficient direct evidence of discrimination, the persons making the alleged remarks were not decision makers, and the statements were remote in time from plaintiff's termination).
Initially, we note some courts have found statements similar to those plaintiff attributes to defendant to be sufficient to show racial animus. See Henderson v. Jewel Food Stores, Inc. (Oct. 23, 1996), N.D.Ill. No. 96 C 3666, unreported; Alexis v. McDonald's Restaurants of Massachusetts, Inc. (1995), 67 F.3d 341, 348 (holding the statement "you people have no rights" was sufficient to allow a rational factfinder to infer racial animus); Cooper v. Paychex, Incorp. (Aug. 31, 1998), No. 97-1645, unreported ("discriminatory animus was evidenced by [supervisor's] statement to [plaintiff] * * * that `you people don't have the technical expertise to do this job'"). Assuming, without deciding, defendant's remarks bear a racial animus, plaintiff nonetheless fails under the direct evidence standard.
Plaintiff meets the burden of setting forth evidence that the remarks were made by defendant, the decision maker: according to the evidence, plaintiff continuously requested repairs to her apartment and in response to her requests, defendant made the statements at issue. Plaintiff, however, also must show the remarks were specific to the challenged decision and the remarks were made about the time of the decision.
Plaintiff first asserts the comments were made in response to her many requests for repairs on her apartment, but fails to connect those statements to the attempted eviction. Although plaintiff contends the comments were made around the time of the eviction, she does not allege the comments were made in the context of discussing the eviction. Because the remarks were made in the context of the requested repairs and are not sufficiently related to the attempted eviction to establish a causal connection, plaintiff failed to establish a nexus with respect to the remarks made in response to her request for repairs. See Fortier, III v. Ameritech Mobile Communications, Inc. (C.A.7, 1998), 161 F.3d 1106,1111-1112 (holding that statements made in the context of transferring duties to another employee were not related to the decision to terminate); Bedell v. American Yearbook Co., Inc. (Ks. 1998),17 F. Supp.2d 1227, 1231 (holding that statements made concerning a transfer did not lend support to a claim of wrongful demotion).
Plaintiff also states in her deposition the remarks were made about the time that "Six on Your Side" came to speak to defendant, but she could not recall whether that was before or after the eviction was filed. Defendant acknowledged "Six on Your Side" came to speak to him about why he was evicting plaintiff, and recalls the visit was after the eviction was filed.
Plaintiff bears the burden regarding nexus. Because she cannot recall whether defendant's remarks were made before or after the eviction proceedings were begun, the only evidence is defendant's statement tying the "Six on Your Side" visit to a time period after the eviction had been filed. Defendant's statements, made after the eviction was filed, are not sufficient to demonstrate a nexus to the eviction action. Bedell, supra (statements made to Bedell after she was informed of her termination were not probative under the direct evidence standard).
Plaintiff has not provided a sufficient nexus between defendant's statements and defendants' attempt to evict her to sustain her burden: an inference would be necessary to logically conclude the statements were discriminatory. A proper case under the direct standard should require no inference. Blalock v. Metals Trades, Inc. (C.A.6, 1985), 775 F.2d 703,707. Plaintiff's first and second assignments of error are overruled.
Plaintiff's third assignment of error asserts the trial court erred in concluding plaintiff did not establish a case of discrimination using circumstantial evidence under the McDonnell Douglas test. To demonstrate a prima facie case of discrimination, plaintiff must prove that: (1) she is a member of a racial minority; (2) she applied for and was qualified to rent the property; (3) she was rejected; and (4) the rental property remained available thereafter. "An attempt to evict a tenant constitutes a denial of a rental." Strader, supra (concluding plaintiff had a claim for discrimination in defendant's attempt to evict qualified tenant who subsequently agreed to vacate the premises without prejudice to her discrimination claims); see, also, Miller v. Towne Oaks East Apts. (E.D.Tx. 1992), 797 F. Supp. 557 (discussing Fair Housing Act claim in context of racial discrimination and enjoining landlord from evicting tenants); Chestnut Realty, Inc. v. Commission on Human Rights and Opportunities (1986), 514 A.2d 749 (reiterating the flexibility in the four-pronged McDonnell Douglas test). Here, plaintiff is African-American, was living in the apartment and paying rent, and the landlord attempted to evict her for purportedly discriminatory reasons. Plaintiff thus demonstrated a prima facie case.
Once a plaintiff has established a prima facie case of discrimination, defendants may rebut that case by producing evidence that they attempted to evict the plaintiff for a legitimate, nondiscriminatory reason. The burden is a burden of production, not proof. EEOC, at 924-925.
Defendants have met their burden. Defendants explained they instituted eviction proceedings against plaintiff following an incident on June 4, 1995, involving an argument between plaintiff and Woods, defendants' hired maintenance man: Woods told defendant that plaintiff threatened him with a gun. At trial proceedings on the eviction, Woods retracted his story to some extent, testifying that plaintiff threatened to shoot him, but he did not actually see a gun. The municipal court in the eviction proceedings found plaintiff did not use a gun, and it refused to evict plaintiff. Despite that determination, defendants have proffered non-discriminatory reasons for their instituting eviction proceedings.
As a result, plaintiff has the opportunity to prove defendants' articulated reason is merely a pretext for discrimination. "Pretext may be proved either by direct evidence that racial animus motivated the discharge or by discrediting the employer's rebuttal evidence." Plumbers Steamfitters Joint Apprenticeship Commt. v. Ohio Civil Rights Comm. (1981), 66 Ohio St.2d 192, 198.
Pretext concerns not whether plaintiff threatened Woods with a gun; rather, the issue is whether defendants reasonably believed plaintiff threatened Woods with a gun so that the threat was defendants' actual reason for the eviction and not a pretext for race discrimination. Crimm v. Missouri Pacific R. Co. (C.A.8, 1984), 750 F.2d 703, 712. See, also, McCoy v. WGN Continental Broadcasting Co. (C.A.7, 1992), 957 F.2d 368
("the issue of pretext does not address the correctness or desirability of reasons offered for employment decisions. Rather, it addresses the issue of whether the employer honestly believes in the reasons it offers"); Gallow v. Autozone, Inc. (S.D.Tx. 1996), 952 F. Supp. 441,446.
The trial court concluded plaintiff failed to show defendants' articulated reasons were pretext, concluding plaintiff provided no evidence defendants were motivated by anything but the incident as reported by Woods. Plaintiff, however, sufficiently cast doubt on defendants' proffered reason to create a genuine issue of material fact. Specifically, when asked in his deposition whether he believed what Woods told him about plaintiff's pointing a gun at Woods and threatening Woods, defendant responded "I couldn't tell you whether I believed it or not. I just wanted an end to a nasty situation." (Russo Deposition, 39.) Only on further questioning did defendant later state that he at least believed that plaintiff threatened Woods.
Further, while defendant testified his normal practice was to speak with the tenant prior to an eviction, plaintiff's affidavit states defendant did not talk with her prior to the attempted eviction. Although defendant believed he spoke with plaintiff prior to the eviction proceeding, he could not recall a specific conversation with plaintiff regarding the incident, and has no recollection of plaintiff's version of the incident. Given that disputed evidence, plaintiff has provided sufficient evidence of pretext to preclude summary judgment. See Gallow, supra, fn. 6 (acknowledging that where an employer ordinarily investigates an incident, the failure to do so in another case, coupled with other evidence, might create a fact question as to discriminatory intent).
We do not suggest that plaintiff will or should prevail on her claim of racial discrimination by proof with circumstantial evidence pursuant to the McDonnell Douglas test. Rather, we conclude only that plaintiff's evidence creates a genuine issue of material fact regarding pretext which precludes summary judgment. Accordingly, plaintiff's third assignment of error is sustained.
Having overruled plaintiff's first and second assignments of error, but having sustained plaintiff's third assignment of error, we affirm in part and reverse in part the judgment of the trial court and remand this matter to the trial court for further proceedings consistent with this opinion.
 _______________ BRYANT, P.J.
BOWMAN, J., concurs.